**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 25 2014, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ADAM PRATER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 48A02-1403-CR-152 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-0912-FB-700

**September 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Adam Prater ("Prater") was convicted of Dealing in Methamphetamine, as a Class B felony,[1] and Possession of Chemical Reagents or Precursors[2] and Maintaining a Common Nuisance,[3] both as Class D felonies. Upon motion, Prater was released from imprisonment to work release, and then from work release to probation. Prater's probation was later revoked, and he was placed back into a work release program. The trial court subsequently found that Prater violated the terms of his work release program, revoked his work release placement, and ordered him to serve the remainder of his sentences as executed time in the Department of Correction.

Prater appeals. We affirm.

**Issue**

Prater raises a single issue for our review: whether the trial court abused its discretion in ordering him to serve three years in the Department of Correction.

**Facts and Procedural History**

On August 23, 2010, Prater was convicted of Dealing in Methamphetamine, Possession of Chemical Reagents or Precursors, and Maintaining a Common Nuisance ("FB-700"). The trial court sentenced Prater to twelve years imprisonment for Dealing in Methamphetamine, with eight years executed time in the Department of Correction and four years suspended to probation; and three years imprisonment each for Possession of Chemical

---

[1] Ind. Code § 35-48-4-1.1 (as effective in 2009).

[2] I.C. § 35-48-4-14.5(e) (as effective in 2009).

[3] I.C. § 35-48-4-13(b)(1) (as effective in 2009).

Reagents or Precursors and Maintaining a Common Nuisance. The court ordered the sentences to run concurrent with one another.

On March 8, 2011, upon motion, the trial court ordered Prater's sentence modified, and ordered that the balance of the executed portion of his sentence be completed as work release at the Madison County Work Release Center. On March 25, 2013, again upon motion, the trial court ordered Prater's sentence modified, released Prater from work release, and ordered the balance of his sentence suspended to probation.

On April 2, 2013, Prater was arrested and charged with Possession of a Controlled Substance, as a Class D felony, and Driving while Suspended, as a Class A misdemeanor ("Cause FD-717"). Prater was served with notice of a probation violation allegation on May 10, 2013.

Prater subsequently pleaded guilty to the charges in FD-717. On September 16, 2013, the trial court sentenced Prater to an aggregate term of imprisonment of eighteen months in FD-717, to be served on work release. Also on September 16, 2013, as a sanction for violation of the terms of his probation in FB-700, the trial court ordered Prater's probation revoked, with four years to be served on work release consecutive to the sentence in FD-717.

On January 22, 2014, the State filed a petition that alleged ten separate violations of the provisions of Prater's work release, and sought termination of Prater's work release. On January 30, 2014, the State amended its petition, adding an eleventh allegation.

On February 10, 2014, an evidentiary hearing was conducted on the State's petition. At the conclusion of the hearing, the trial court ordered Prater's work release privileges

terminated and with respect to FB-700 ordered that Prater serve three years of executed time in the Department of Correction; after completing this sentence, Prater was ordered to return to work release to serve his sentence in FD-717.

This appeal ensued.

### Discussion and Decision

Prater's sole contention on appeal is that the trial court abused its discretion in fixing its sanction for his violation of the requirements of work release when the court ordered that three years of his sentence in FB-700 be executed in the Department of Correction.

The trial court may, after a hearing, revoke community corrections placement of an individual who violates the terms of his placement. I.C. § 35-38-2.6-5. For purposes of appellate review, we treat a trial court's order revoking placement in community corrections in the same manner as we do an order to revoke probation. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999). Probation and community corrections placements are matters of grace granted as a favor, not a right. McQueen v. State, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007) (citing Cox, 706 N.E.2d at 549). Accordingly, we review the revocation of such placement for an abuse of discretion. Id.

Prater contends that, in his circumstances, it was an abuse of discretion for the trial court to reinstate three years of imprisonment as a sanction for his violation of the work release requirements. He points specifically to his continued employment and the steps he took to ensure his sobriety after a relapse by enrolling in a relapse prevention support group.

4

Our review of the record reveals that Prater has failed to follow the requirements of probation and work release on multiple occasions. Only a week after he was released from work release to probation in FB-700, he was charged in FD-717 with Possession of a Controlled Substance and Driving while Suspended; he ultimately pleaded guilty to both charges. While placed back into work release after the revocation of his probation as a result of his arrest in FD-717, Prater violated the requirements of work release on numerous occasions.

Thus, despite his employment history and self-help efforts, we cannot say the trial court abused its discretion when it terminated Prater's work release and ordered him to serve three years of his term in FB-700 in the Department of Correction.

Affirmed.

NAJAM, J., and BARNES, J., concur.